**UNITED STATES of America**

v.

**James William PRINCE, Appellant.**

**No. 12785.**

United States Court of Appeals
Third Circuit.

Argued Feb. 18, 1959.

Decided March 18, 1959.

William W. McVay, Pittsburgh, Pa., for appellant.

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa. (Hubert I. Teitelbaum U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant was convicted for selling and facilitating the concealment and sale of narcotic drugs on or about April 10, 1958, in violation of 21 U.S.C. § 174. He was sentenced as a second offender to ten years imprisonment under the mandatory provisions of Section 174.

His first point concerns the government's alleged failure to comply with the trial court's direction to produce statements of a government agent in accordance with 18 U.S.C. § 3500. Agent Hill of the Federal Bureau of Narcotics was a trial witness for the government. On direct examination he testified that on April 10, 1958 he arranged by telephone to purchase three spoons of heroin from Prince for $60 and to send Randolph Jackson, a special government employee and a friend of Prince, to the latter with the money for the drug. According to the government evidence that sale was consummated. At the opening of the cross-examination Mr. Hill was questioned and answered as follows:

"Q. Mr. Hill, did you make written reports pertaining to the subject matter you have just testified? A. I have a written report, for April 10th, the actual date of the sale.

"Mr. McVay: Your Honor, I request those reports.

"The Court: Do you have it there?

"Mr. Shannon: Yes.

"Mr. McVay: Your Honor, may I have a recess so that I will have time to look at these reports?

"The Court: How long are they, Mr. Shannon?

"Mr. Shannon: Approximately a page and a half. You can read it in a couple of minutes I imagine.

"The Court: Go ahead. We will let you take time to read it, Mr. McVay."

As the result of the above a report by Mr. Hill of his activities on April 10, 1958 with reference to Prince was produced and furnished defense counsel. On redirect examination Mr. Hill was asked if he had talked with Prince after April 10th. He said he had and he was requested to relate the conversation. This was objected to. The court asked the district attorney its purpose and the reply was "The purpose of it is to show the subsequent similar conduct." The court allowed the evidence

over further objection.[1] Mr. Hill then told that on April 28, 1958 he had talked with William E. Jackson, referred to in the record as a drug seller, and Prince together. He said:

> "I spoke to them. I told them that I was looking to buy more heroin. William E. Jackson turned to the defendant and asked the defendant did he want to take care of me. The defendant said, 'I am still suspicious that he is a narcotic agent. I want to sell to him but I don't want to put it in his hands although I want the money.' William Jackson said, 'If you don't want to take care of him I will.' Then William Jackson and I left the Snack Shop."

There actually had been a written report of the April 28th conversation and related incidents by Agent Hill. It was produced at the hearing on defendant's motion to appeal in forma pauperis. The district judge in his opinion with respect to that motion said: "It is true that upon defense counsel's request, pursuant to 18 U.S.C.A. Sec. 3500, *only one of two reports covering matters about which narcotics agent Hill had testified was delivered to him*." (Emphasis supplied).

The statute governing the matter, 18 U.S.C. § 3500(b), provides in part: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." This language is hardly ambiguous and the legislative history of Section 3500 leaves no doubt as to its intent. Senate Report No. 981 states: " * * * the proposed legislation * * * reaffirms the decision of the Supreme Court in its holding that a defendant on trial in a criminal prosecution is entitled to relevant and competent reports and statements in the possession of the Government touching the events and activities as to which a Government witness has testified at the trial * * *" U.S.Code Congressional and Administrative News 1957, p. 1861.

The district judge, though conceding the right of the defense to the second report, thought that it "could not conceivably have produced a different verdict."

 In our view the mandate of the statute itself makes the omission substantial. It is not the function of the district court or ourselves to determine whether the appellant was prejudiced by failure to make available the relevant portions of the prior report of the witness. Bergman v. United States, 6 Cir., 1958, 253 F.2d 933, 935, 936. In Lohman v. United States, 6 Cir., 1958, 251 F.2d 951, 953, the factual situation was much the same as here. A written report to the Federal Bureau of Investigation had been made by the witness concerning matters to which he had testified. The request of the defense for the report was denied by the trial judge. Mr. Justice Stewart, then Judge Stewart, who also wrote the Bergman opinion, held for the court that this was "clearly prejudicial error". And see Johnston v. United States, 10 Cir., 1958, 260 F.2d 345, 347.

Appellant also suggests serious error in the failure of the court to instruct the jury that if the defendant was a procuring agent he could not be convicted under the indictment.

 One of the defenses was that Prince had acted as agent of either Hill or Randolph Jackson in the purchase of the heroin on April 10th. Admittedly if that were the fact he could not have been convicted under the indictment. The defense therefore presented the following request to charge:

---

1. Where evidence of similar acts or conduct is allowed to show knowledge, wilfulness and intent as in this instance, the fact that they occurred subsequent to the crime named in the indictment is no bar to admissibility of the evidence. United States v. Stirone, 3 Cir., 1958, 262 F.2d 571, 576, rehearing denied Jan. 27, 1959.

"If you believe that the Federal Agent (Charles G. Hill) or the informer, who acted under instructions and authority of agents of the Federal Bureau of Narcotics, asked the defendant to get some heroin for him and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than his own, and in so doing purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted under this indictment".

The court charged: "In determining whether the defendant was a seller of narcotics, you must keep in mind the difference between dealing with a purchaser as a seller of narcotics and acting for him as a procuring agent. If you find that the defendant undertook to act in behalf of a prospective purchaser rather than in his own behalf, and in so doing purchased the drug from a third person with whom he was not associated in selling and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted of a *sale* under the indictment." (Emphasis supplied.) After the charge had been concluded, the court asked counsel if they had any further requests to charge. The defense attorney said, "I would request an instruction to the effect if he was a procuring agent he is not guilty." The court said, "You have that instruction." Counsel replied, "He is not guilty under facilitating or anything else." The court, saying "You have that. That is clearly in there", sent the jury to the jury room to deliberate upon its verdict.

 Under the facts the requested instruction was proper. United States v. Sawyer, 3 Cir., 1954, 210 F.2d 169, 170; Adams v. United States, 5 Cir., 1955, 220 F.2d 297, 298, 299; United States v. Dornblut, 2 Cir., 1958, 261 F.2d 949, 951. It was apparently so accepted by the court but unfortunately the latter mistakenly thought the charge had covered it. As given, the instruction did not

eliminate a verdict of guilty for facilitating the sale in the event Prince was found to have merely acted as agent for Hill or Jackson in purchasing the drug. The difference to Prince in the instruction could have been the difference between winning and losing the case.

 Appellant's final point is that the admission of prior similar offenses was erroneous. The evidence was offered to show knowledge, wilfulness and intent and was admissible. The rule governing it is tersely stated by Judge Goodrich in United States v. Stirone, supra [262 F.2d 576], "Evidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime."

The judgment of the district court will be reversed and the cause remanded for a new trial.