**UNITED STATES of America**

v.

**George William NEVERLINE, Appellant.**

**No. 12769.**

United States Court of Appeals Third Circuit.

Argued April 7, 1959.

Decided May 1, 1959.

Michael Hahalyak, Pittsburgh, Pa., for appellant.

George B. Sewak, Asst. U. S. Atty., Pittsburgh, Pa. (Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHIN, Circuit Judge.

Appellant was indicted under the Universal Military Training and Service Act (50 U.S.C.A. Appendix, § 451 et seq.) for refusing to submit to induction into the Armed Services of the United States. He waived a jury, was tried to the court and convicted October 2, 1958.

On November 10, 1952, appellant registered with Local Board No. 3, McKeesport, Pennsylvania. On June 8, 1953 he filed his Classification Questionnaire (S. S. Form 100) with the board. In this he stated he had been a seaman apprentice in the Naval Reserve since December 6, 1951 and was a full time employee of the National Tube Company. The local board on November 6, 1953, classified him as 1-A. On October 25, 1954 the McKeesport Naval Reserve Training Center advised the board that Neverline had been transferred to inactive duty because of unsatisfactory attendance. Neverline at the trial testified that he had discontinued his Naval Reserve attendance because he had to support his mother and that he had dropped out of the Naval Reserve prior to becoming a Jehovah's Witness. He filed a Conscientious Objector Form (S.S. Form 150) on December 12, 1956. He said he was a Jehovah's Witness and sought also a ministerial exemption. The board placed him in Class 1-O on December 14, 1956.

In two letters to the board dated December 21, 1956, Neverline asked to be allowed to appear personally and said he wished to appeal his 1-O classification as he claimed to be entitled to a IV-D status, that of a minister of religion. He appeared before the local board on January 23, 1957 and was thereafter classified as 1-O. On January 28, 1957

he wrote the local board saying "I am appealing my classification of 1-O to the Appeal Board." He gave his reason that he "requested a minister of religion classification with conscientious objections or a 4-D classification." Because the appeal involved a claim that registrant was a conscientious objector, the cover sheet and file were sent to the Department of Justice for inquiry and hearing on the character and good faith of the conscientious objection.[1] An investigation was made by the Department through the Federal Bureau of Investigation. A résumé of this was forwarded the Department hearing officer. A hearing was held and the file returned to the appeal board with the Department's recommendation. Copies of the latter and résumé of the investigative report were furnished Neverline. The appeal board on August 7, 1957 unanimously assigned Neverline to Class 1-AO. He was ordered to report for induction and refused.

For his first point, appellant asserts that the appeal board assumed that he had been denied a 1-O classification by the local board and that this mistake prejudiced him. This contention is based on the fact that the form letter of the appeal board to the United States attorney erred in stating that the referral was made "since the local board did not sustain the registrant in his claim of conscientious objection." There is nothing in the cover sheet or file to indicate that the clerk's mistake, naturally arising from registrant's basic statement that he was appealing his 1-O classification, had any effect whatsoever on the decision of the appeal board or that it was ever even noticed by either the appeal board or the hearing officer.

The cover sheet, the heart of registrant's draft board record, on its face plainly shows that as registrant came with his appeal to the appeal board his then classification was 1-O. That same sheet apparently topped the file as it went to the hearing officer. It is unreasonable to even speculate that the critical marking, there for the necessary information of the appeal board particularly and the hearing officer if the occasion for him arose, as it did here, was not seen by both. The hearing officer had no right to pass on the claim of 4-D as such and did not pretend to do so. But he did conclude that registrant's desire to have extra time to pursue his civilian ministry was the crux of his objection to noncombatant duty. After the hearing officer's report had been filed, the appeal board clerk forwarded it with a summary of the Federal Bureau of Investigation report to Neverline saying in the accompanying letter: "In accordance with present directives that are based upon the claim of conscientious objections you will find attached copies of the recommendation of the Department of Justice with a summary of the F.B.I. report." The letter went on to say "You are hereby afforded the opportunity of filing a written reply with this Appeal Board, concerning the recommendation." Replying, Neverline, among other things, alluded to his baptism as a Jehovah's Witness on March 9, 1957, saying "This is considered my ordination, according to the people of the world."

The hearing officer, concerned solely with the conscientious objector element of the case, found registrant's claim for exemption from combatant service sincere and in good faith. He also found

---

1. The form letter of the Appeal Board to the District Attorney transmitting the cover sheet and file for advisory recommendation from the Department of Justice mistakenly said that the referral was made "since the local board did not sustain the registrant in his claim of conscientious objection." Actually the cover sheet itself which contains the detailed record of the registrant's classi-

fications shows that, while he originally was classified as 1-A, on December 14, 1956, he was classified as 1-O and on January 23, 1957 was again so classified. The file contains all three of registrant's letters above referred to which state that he is appealing his 1-O classification because he wished to be classified as a minister of religion with conscientious objections.

that, in view of registrant's expressed willingness to continue working in a steel mill in time of war because he had to have some employment, he was not entitled to exemption from non-combatant service.

■ While the appeal board, under 1626.25(c) of the Selective Service Regulations, as amended by E.O.10659 (Feb. 15, 1956), had to give consideration to the recommendation of the Department of Justice (which followed the conclusion of its hearing officer) it was not bound to follow that recommendation. It is the board who determines the classification. Under Regulation 1626.26, in effect during the particular period, "The appeal board shall classify the registrant, giving consideration to the various classes in the same manner in which the local board gives consideration thereto when it classifies a registrant, * * *."

■ Clearly registrant's conscientious objector status was involved in his appeal. Accordingly the appeal board had no alternative but to refer that phase to the Department of Justice. Thereafter having before it the entire file, including registrant's reply to the department recommendations and the Federal Bureau of Investigation report summary, the appeal board classified registrant as 1-A-O i. e. Conscientious Objector, to be assigned to non-combatant duty. There was ample justification for this in the file, as there had been sound foundation for the hearing officer's similar conclusion. We see no substantial basis for alleging prejudice arising out of the clerk's mistake in taking the registrant's statement that he was appealing his 1-O classification to mean that the local board had rejected his conscientious objector claim.

■ The above covers appellant's argued contentions with the exception of his objection to the trial court's refusal to compel production of the full Federal Bureau of Investigation report so that, as expressed in his brief, " * * * the defendant could make use of all the favorable evidence given by informants and other persons interviewed by the F.B.I. * * *."

It will be noted that there is no assertion whatsoever that a fair résumé of the adverse evidence was not furnished. The whole theory of this present argument is that all of the favorable evidence collected in the report must be turned over to the registrant. This is contrary to the holding of the United States Supreme Court in the leading decision on the question, United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417. There Chief Justice Vinson for the Court said in 346 U.S. at page 5, 73 S.Ct. at page 994:

" * * * the statutory scheme for review, within the selective service system, of exemption claimed by conscientious objectors entitles them to no guarantee that the F.B.I. reports must be produced for their inspection. We think the Department of Justice satisfies its duties under § 6(j) when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigation report."

■ Finally appellant protests that the holding with respect to the Federal Bureau of Investigation report is out of harmony with the Jenck's principle. (P.L. 85–269) 85th Cong. S. 2377, Sept. 2, 1957, 18 U.S.C.A. § 3500.

A reading of Section 3500 makes it very plain that it does not apply to the present circumstances at all. The Government did not call any witness who had made a statement which was in the possession of the United States and related to the subject matter to which the witness had testified. The only witness for the Government was the clerk of the local board. She produced the complete Selective Service file which was admitted into evidence. There was no allegation that she had made a statement

or given a report which was in the possession of the Government. There is no relation of the theory of Section 3500 or practice under it to the trial situation before us. Cf. United States v. Prince, 3 Cir., 264 F.2d 850.

The judgment of the district court will be affirmed.