## BREWER *v.* STATE

[No. 337, September Term, 1961.]

*Decided July 6, 1962.*

Submitted on the brief to BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted by *Albert A. Levin* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Gerard Wm. Wittstadt, Assistant Attorney General, Saul A. Harris, State's Attorney,* and *Julius A. Romano, Assistant State's Attorney,* for appellee.

PER CURIAM.

Nathan S. Brewer was convicted by a jury in the Criminal Court of Baltimore of two charges of having in his possession and under his control narcotic drugs, and, after sentence, has appealed.

There is very little to the appeal. The appellant's only contention is an alleged insufficiency of the evidence to support his convictions. The State, however, argues that this contention is not before us, due to appellant's failure properly to reserve the same for appellate review. A motion for directed verdicts (now motion for judgments of acquittal, Maryland Rule 755) was made, but, instead of setting forth the respective contentions relative to the motion, we shall assume, without deciding, that the motion was properly made.

Officer Buchanan testified that he was a member of the narcotics squad; that on October 13, 1961, he went to the vicinity of Laurens and Vincent Streets with a "special employee," who was called "Dukey"; that he searched Dukey to be sure that he had no money or narcotics upon his person; and that he (Buchanan) then gave Dukey $8.00 of official money. They met appellant Brewer on the street, and engaged him in conversation. Dukey asked Brewer if he could get some heroin and Brewer said "yes." In the officer's presence, Dukey gave Brewer $12.00 of official money (four more dollars having been given to Dukey by the officer), and Brewer "reached into his sock" and produced a small glassine envelope containing suspected heroin. The same routine occured on October 23, 1961, at a different location in Baltimore City. The following night Brewer was arrested, and he admitted the two transactions to Captain Carroll of the Police Department, claiming that he was only a go-between and the real "peddler" was a Danny Jacobs. A chemical analysis disclosed that the substance contained in the glassine envelope was heroin. No testimony was adduced by the appellant.

It is obvious that this testimony, if believed by the triers of fact, was ample to support the verdicts of guilty.

*Judgments affirmed.*