SNEAD *v.* STATE

[No. 213, September Term, 1963.]

*Decided March 9, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

Submitted on the brief by *Mrs. Juanita Jackson Mitchell* for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief for appellee.

SYBERT, J., delivered the opinion of the Court.

Convicted (as a third offender) in three cases of the sale, possession, and control of a narcotic drug, the appellant, Snead, claims here that the evidence showed that he was entrapped by a federal narcotics officer and a police informer, and that he was not the seller, but the agent of the narcotics officer in purchasing the drug, so that his sale, possession and control were those of the officer.

The State's evidence was as follows. On the first occasion the narcotics agent and the informer drove to the home of the appellant in Baltimore City, where the informer brought the appellant out and both entered the agent's car. The appellant told the agent to drive to a certain address. Upon arrival, the appellant asked the agent how much narcotics he wished to

purchase and the agent replied four decks of heroin, whereupon the agent gave the appellant $42.00. The appellant got out of the car, but returned in a few minutes and handed $30.00 in change and two packets of heroin to the informer. The agent then drove the appellant back to his residence.

On the next day, the agent went alone to the appellant's residence and was admitted by the appellant, who told him "he had not charged me enough" for the narcotics purchased on the previous day. Thereupon the agent gave the appellant the $6.00 requested and told him he wished to purchase additional narcotics. Later that day the agent drove the appellant to the same address as before. The appellant, after the agent had given him $36.00, left the car and soon returned with seven capsules of heroin, five of which he gave to the agent along with $4.00 in change, and two of which he kept himself.

Eleven days later the agent again went to the appellant's residence, drove him to a different address, and gave him $36.00 after the appellant asked the agent how much narcotics he desired. The appellant got out of the car and returned in a few minutes with two packets of heroin which he turned over to the agent with $12.00 in change. On this occasion the appellant requested pay for his services in obtaining the drug, on the ground that his supplier had usually "taken care" of him, but this time had not. The agent testified that also on this occasion the appellant "told me he was very interested in obtaining some cocaine, he had no sources of supply for that and I told him I might be able to do him some good and he said he could get me unlimited quantities of heroin in exchange for the cocaine."

We think the facts fail to support the defense of entrapment. In the recent case of *Stewart v. State*, 232 Md. 318, 193 A. 2d 40 (1963), we rejected a claim of entrapment based on facts which were almost identical with those presented in this case. In *Stewart* it was said (at pp. 321-322 of 232 Md.) :

> "There is no merit to the defense of entrapment. It is permissible for a law enforcement officer to lay a trap or join in common effort with another or others to detect a violation of law. * * * The record shows no more than this here. There was no repeated and

persistent solicitation of a previously law abiding citizen in order to overcome his reluctance to commit a crime. There was only the permissible offering of an opportunity to a known offender to exercise his predisposition to violate the law. * * *" (Citations omitted.)

Here there was no "persistent solicitation", but only "the permissible offering of an opportunity to a known offender". The appellant had a past record of narcotics law violations, and thus was not a "previously law abiding citizen". We think it is clear that the criminal design originated with the appellant, not the narcotics agent, who only used permissible artifice and stratagem to apprehend a person engaged in unlawful practices. See also *Whyte v. State,* 229 Md. 459, 184 A. 2d 738 (1962), and *Lane v. State,* 226 Md. 81, 172 A. 2d 400 (1961), cert. den. 368 U. S. 993.

The second contention is that the appellant was not the seller, but acted only as the agent of the narcotics officer. If the appellant acted only as an agent for the officer in purchasing a drug from a third person, with whom he was not associated, there is some authority for the proposition that he could not be convicted as a seller. *United States v. Prince,* 264 F. 2d 850 (3d Cir. 1959). However, the facts of this case show that the appellant was either acting as an independent contractor, or in association with a third party, referred to as his "source", and not as the agent of the narcotics officer. For the first two sales the appellant obtained narcotics from the same place, indicating that he had an association with a "source" at that place. In addition, the testimony that before each sale the appellant had asked the agent how much heroin he wished to purchase; that the appellant said he could supply unlimited quantities of heroin in exchange for cocaine; and that on one occasion he said he had not charged the agent enough, was clearly sufficient to justify the finding that the appellant was acting "on his own" or in connection with a supplier, rather than as an agent of the narcotics officer. Cf. *Stewart v. State, supra* (at p. 322 of 232 Md.).

*Judgment affirmed.*