POINTER *v.* STATE

[No. 391, September Term, 1964.]

642

*Decided August 2, 1965.*

The cause was argued before HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

*John F. Burgan* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Carville M. Downes, Assistant Attorney General, Charles E. Moylan, Jr.* and *Stanley S. Cohen, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Pointer, was convicted as a third offender in two cases of the sale, possession, and control of a narcotic drug, after non-jury trials. He was sentenced to two concurrent fifteen year terms in the penitentiary.

The appellant's first two contentions on this appeal are that he was entrapped by the federal narcotics officer who testified appellant sold him heroin twice, and that he was merely the agent of the officer so that his sale, possession and control of the drug were those of the officer. The officer's testimony was that appellant approached him and asked whether he wanted to buy some heroin, saying it was "all right" to do business with him. The officer gave him $30.00 for heroin, but he left and did not return. The officer saw appellant some weeks later, and, after an excuse concerning the $30.00, appellant asked whether the officer wanted to buy any heroin at that time. After receiving an affirmative reply, appellant procured a quantity of heroin and handed it to the officer, who paid him $20.00. Three days later, under similar circumstances, appellant again sold heroin to the officer.

Testifying in his own behalf, appellant admitted that he had received $30.00 from the officer on the first occasion and that he had promised, but failed, to deliver heroin. He contended that the officer had approached him. He said that when he met the officer on the second occasion the latter asked him about the money and stated that "he would jump on my chest if I didn't return his $30.00." The officer then handed him $20.00 and told him to get him "two decks". Appellant said he kept this money also and never delivered any heroin to the officer. He denied that he met with the officer on the third occasion. He admitted that he had previously been convicted of narcotics law violations in 1951 and 1955, and that he was a user of heroin.

Appellant bases his defense of entrapment upon the claim that there was "repeated and persistent solicitation" by the federal officer (the latter's testimony was that each illegal transaction originated with appellant) ; upon the assertion that between the first and second contacts the officer "openly searched" for him and that this amounted to harassment (the officer testified that the only effort he made to find appellant was to ask several persons where he lived) ; and upon the claim that at the second meeting the officer threatened him (obviously not believed by the trial judge). The alleged entrapment relied on here is little different from that unsuccessfully asserted in *Cross v. State,* 235

Md. 377, 201 A. 2d 767 (1964), *Snead v. State,* 234 Md. 63, 65-66, 197 A. 2d 920 (1964), and *Stewart v. State,* 232 Md. 318, 321-322, 193 A. 2d 40 (1963). As to whether appellant was merely the agent of the officer, we think the latter's testimony, if believed, that appellant approached him and asked on each occasion whether he wished to buy heroin, warranted the trial court in finding that appellant was the seller and not an agent. The circumstances as testified to by the officer are quite similar to the facts in *Snead v. State, supra* (at p. 66 of 234 Md.), and we find that case controlling. See also *State v. Brown,* 235 Md. 401, 201 A. 2d 852 (1964) ; *Stewart v. State, supra* (at p. 322 of 232 Md.). We cannot say the trial court was clearly wrong in resolving the conflicts in the testimony adversely to appellant.

It is also urged that the evidence was insufficient to support the convictions, but, without repeating it, we think the evidence produced by the State, coupled with the admissions of appellant, was ample for that purpose. *Brewer v. State,* 229 Md. 251, 182 A. 2d 883 (1962). On this issue appellant advanced certain contentions, but we find them immaterial and therefore shall not detail them here.

Finally, appellant maintains that he was improperly sentenced as a third offender because his two prior convictions were misdemeanors under Code (1957), Art. 27, sec. 300, before that section was amended by Ch. 772 of the Acts of 1963 and Ch. 55 of the Acts of 1964 to make such offenses felonies. This contention is devoid of merit since Code (1964 Cum. Supp.), Art. 27, sec. 300(a), in referring to the penalty for third offenders, makes no distinction between prior misdemeanor and felony convictions. *Murray v. State,* 236 Md. 375, 380-381, 203 A. 2d 908 (1964) ; *Gans v. Warden,* 233 Md. 626, 628, 196 A. 2d 632 (1964).

*Judgments affirmed.*