FRANKLIN *v.* STATE

[No. 398, September Term, 1964.]

*Decided August 2, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, SYBERT, OPPENHEIMER and BARNES, JJ.

*Juanita Jackson Mitchell* for appellant.

*Julius A. Romano, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The principal question presented by this appeal from convictions for the sale of narcotics is whether the defendant was denied the right of confrontation as the result of an informer invoking the privilege against self-incrimination. An additional question is raised as to the sufficiency of the evidence.

On an evening in February 1964 an officer of the Baltimore City narcotics squad and an informer went to a bar on West Saratoga Street. On entering, the informer engaged in a conversation with the defendant. Shortly thereafter the officer and informer left, went to the parked automobile of the informer and got in the front seat. The defendant followed, got in the rear seat and asked "how much" was wanted. He was told they wanted "one" and the officer handed the defendant nine dollars, whereupon the defendant left the automobile and returned promptly with a glassine envelope and gave it to the officer. On the next evening, the officer, the informer and the defendant followed a similar routine. On this occasion, the defendant returned to the automobile with two glassine envelopes and received twenty dollars in return. Subsequent chemical analyses showed that the envelopes contained heroin. Approximately five months later, the officer obtained a warrant and arrested the defendant, who, upon being interrogated, denied ever having seen the officer.

At the trial, the officer, besides relating the aforegoing incidents, positively identified the defendant as the person who had sold him the heroin. In his defense, the defendant called a friend who testified that on both of the days the defendant was charged with selling heroin he had been in Washington, D.C., and not in Baltimore. The State, in rebuttal, produced a federal narcotics agent, who had worked with the city officer. The agent testified that he had observed the meetings between the city officer, informer and defendant on both occasions. No other witnesses were called by the State, and the defendant decided not to testify.

The informer was called as a witness by the defendant and sworn. When he was asked whether or not he was a paid informer, he refused to answer the question on the ground that

it might incriminate him. At the ensuing colloquy between the trial judge and defense counsel, the latter sought to have the court order the witness to answer the question. But the trial judge, who had knowledge of indictments charging the informer with violations of the narcotics law and other offenses and who knew that this was the reason the informer had claimed the privilege, thought it would be useless, as well as unfair, to continue with the examination and excused the witness. The defendant made no proffer of what the witness would have testified to had he been compelled to do so and his counsel expressed no desire to propound further questions to the witness.

The lower court, choosing to believe the testimony of the city officer and federal agent rather than the testimony of the alibi witness, found the defendant guilty of making both sales and sentenced him to concurrent terms of imprisonment. This appeal followed.

(i)

The contention of the appellant that his inability to "cross-examine" the informer because he was allowed to invoke his constitutional right not "to be compelled to give evidence against himself"[1] was a denial of the constitutional right of the appellant "to be confronted with the witnesses against him"[2] is clearly without substance.

The right of an accused to be confronted with the witnesses against him is not only guaranteed by Article 21 of the Maryland Declaration of Rights but is also available under the Fourteenth Amendment to the Constitution of the United States in that the right given by the Sixth Amendment was made obligatory on the states in *Pointer v. Texas,* 380 U. S. 400 (1965) and *Douglas v. Alabama,* 380 U. S. 415 (1965). And, since *Pointer,* there is no room for doubt that the right to cross-examine is inherent in the right of the accused to be confronted with the witnesses against him in a criminal case. But neither *Pointer* nor *Douglas,* on which the appellant relies, is authority for the proposition that he had a right to compel a witness (summoned but not used by the State), who claimed the privilege against

---

1. Article 22 of the Maryland Declaration of Rights.
2. Article 21 of the Maryland Declaration of Rights.

self-incrimination, to give evidence against himself. In *Pointer,* where the transcribed testimony of a witness (whom the accused in the absence of counsel did not cross-examine at a preliminary hearing) was offered as evidence during the court trial at which the witness was not available to be cross-examined, it was held that the receipt of such testimony was a violation of the right of the accused to confront and cross-examine the witness against him. In *Douglas,* where an accomplice of the accused (whose appeal from the conviction of the same offense was still pending) refused to testify and the prosecution nevertheless proceeded to read a confession allegedly made by the accomplice (in which he had also implicated the accused) under the guise of cross-examining him as a hostile witness, it was held that the inability of the accused to cross-examine the witness (as the prosecution had done in a form not subject to cross-examination) was a denial of the right of confrontation.[3] Obviously both cases prohibit the use of accusatory testimony of a witness wherever it is shown that the accused was not given an opportunity to cross-examine the witness who gave it, but neither case is interpretable as holding, as the appellant would have us do, that the right of confrontation and cross-examination is paramount to the right of refusing to incriminate oneself.

In the case at bar, where the informer was called as a witness by the appellant instead of by the State and where there was substantial reason for the witness to refuse to give evidence that might incriminate him, it is clear that no right of the appellant was violated. A situation similar to the one in this case was before this Court in *Royal v. State,* 236 Md. 443, 204 A. 2d 500 (1964). There it was said that the privilege against self-incrimination is a personal one which only the witness may assert. Since the record shows that the refusal to testify was made in good faith and that there was a reasonable basis for claim-

---

3. The cross-examination was accomplished by the prosecutor reading the several parts of the confession involving the accused he wanted the jury to hear and then asking the witness if he had not made the statements read. On each occasion the witness instead of answering the questions propounded relied on his privilege to refuse to answer.

ing the privilege, we think the lower court properly refused to compel the witness to testify. See *Midgett v. State,* 223 Md. 282, 164 A. 2d 526 (1960), *cert. dem.* 365 U. S. 853 (1961).

### (ii)

Even though the State did not call the informer to testify in its behalf, it is apparent, as the recital of facts shows, that there was legally sufficient evidence from which the trial court could find the appellant guilty of selling narcotics beyond a reasonable doubt. Moreover, since the testimony of the informer was not essential to the completeness of the case for the State, there was no requirement to call him as a witness. No claim is made that the appellant acted as an agent of the officer or of the informer or as a go-between. See *Snead v. State,* 234 Md. 63, 197 A. 2d 920 (1964) ; *Brewer v. State,* 229 Md. 251, 182 A. 2d 883 (1962).

*Judgment affirmed.*