## SMITH *v.* STATE

[No. 460, September Term, 1964.]

*Decided April 28, 1966.*

The cause was argued before Prescott, C. J., and Hammond, Horney, Marbury and Barnes, JJ.

*Solomon Reddick* for appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

Per Curiam.

Carl Henry Smith appeals his conviction of possession and control of narcotics, relying on the defenses of entrapment, that he was a mere conduit for an informer, that he was deprived of the right of cross-examination of the informer because the State did not call him as its witness, and deprived of the benefit of the informer's testimony when he (the appellant) called him and the informer took the fifth amendment.

A Baltimore City police officer met an informer and, while they stood on a pavement in West Baltimore, a third person joined them and the possibility of buying narcotics was discussed. The third person disappeared into a nearby building and then the appellant emerged, joined the informer and the police officer and discussed a possible sale. After receiving ten dollars from the informer, the appellant left and returned a short while later and gave one cellophane bag to the officer in exchange for ten dollars and another bag to the informer. The contents of the bag were found to be heroin hydrochloride, an opium derivative.

As was true in *Stewart v. State,* 232 Md. 318, the record shows no more than that the police officer joined with a civilian to detect a violation of the law. The fact that the police officer neither knew nor was looking for the appellant when the meeting occurred, rebuts the possibility of "repeated and persistent

solicitation of a previously law-abiding citizen in order to over-come his reluctance to commit crime." *Stewart v. State, supra* at 321. See also *Pointer v. State,* 239 Md. 641; *Cross v. State,* 235 Md. 377; *Snead v. State,* 234 Md. 63; *Lane v. State,* 226 Md. 81.

Appellant's claim that he was a mere agent or conduit for the informer fails to distinguish the possible applicability of such a defense had he been charged with selling a narcotic, with his being convicted of possession and control of a narcotic. *Stewart v. State, supra.* From the moment appellant took the bags of narcotics in his hand until they were handed to the informer and the officer, appellant was in physical possession and control of the drugs. *State v. Brown,* 235 Md. 401, 406.

The claim of error as a result of the trial court's refusal to require the State to call the informer as its witness is without merit. We have often held that if the State can sustain its burden of proof (the sufficiency of the evidence is not here challenged), there is no requirement that it call an informer. *Whyte v. State,* 229 Md. 459; *Knight v. State,* 229 Md. 460. See also *McCoy v. State,* 216 Md. 332, 338.

The appellant called the informer who refused to testify. By combining the lack of opportunity to cross-examine the informer with his refusal to testify as the defendant's witness on the grounds that his testimony might incriminate him, the appellant claims a denial of due process. The informer had the right to refuse to testify—he was then under indictment—by virtue of Article 22 of the Maryland Declaration of Rights and the fifth amendment of the federal constitution as made applicable to the states through the due process clause of the fourteenth amendment, *Malloy v. Hogan,* 378 U. S. 1, 12 L. Ed. 2d 653. The exercise of one man's constitutional right not to incriminate himself cannot enable an accused to escape conviction on the ground that he was deprived of due process by loss of the testimony of him who would not speak. *Franklin v. State,* 239 Md. 645, 647, *et seq.*

*Judgment affirmed.*