# LEWIS JOSEPH POLING *v.* STATE OF MARYLAND

[No. 104, September Term, 1968.]

*Decided February 10, 1969.*

*Joseph Rosenthal* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Edward A. De-Waters, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Lewis Joseph Poling, the appellant, was convicted of murder in the second degree in the Circuit Court for Baltimore County, Judge W. Albert Menchine presiding with a jury. He was sentenced to a term of twelve years. On appeal, Poling complains that his trial counsel was incompetent, that the lower court erred in allowing a witness to exercise his privilege against self-incrimination, and that the Court erred in not granting his motion for judgment of acquittal. There was evidence from which the jury could have found:

That Poling became involved in a bizarre argument with the operator of a filling station; that after having pushed the op-

erator he, Poling, pulled a knife and stabbed the victim to death; and the victim had no weapon in his hand and was backing away from Poling at the time of the stabbing. There was some indication that money was stolen, but that evidence was not necessary to support the verdict of second degree murder.

Poling first contends that his trial counsel was inadequate. The issue was not raised below; therefore it is not properly before this Court, Maryland Rule 1085. This rule has been repeatedly invoked in similar situations "because, among other reasons, counsel has had no opportunity to defend himself", *Jordan v. State,* 2 Md. App. 415, 234 A. 2d 783. Probably a more important reason for invoking the rule is that the absence of a complete record on the issue makes such a determination impracticable if not impossible.

Secondly, Poling contends that a co-defendant, Masters, should have been allowed to testify. Masters had been indicted along with Poling and one Gilbert, but ten of the eleven counts in the indictment against Masters had been stetted and he pleaded guilty to assault only. When Masters was called to testify, he was asked his age. At this point Masters' attorney objected stating that Masters had a preliminary statement to make. Masters then stated that "By advice of counsel, I would like to respectfully refuse to testify on the grounds that I might incriminate myself under the Fifth Amendment." Judge Menchine excused the witness.

The privilege against self-incrimination is provided for in Article 22 of the Maryland Declaration of Rights, and the Fifth Amendment to the Constitution of the United States which is applicable to the States by the Fourteenth Amendment to the Constitution of the United States, *Malloy v. Hogan,* 378 U. S. 1, 84 S. Ct. 1489, 12 L.Ed.2d 653. If the privilege is asserted in good faith and there is a reasonable basis for claiming the privilege, witness will then not have to testify, *Franklin v. State,* 239 Md. 645, 212 A. 2d 279, *Boone v. State,* 3 Md. App. 11, 15-16, 237 A. 2d 787. The privilege is a personal one to the witness although the witness's counsel may assert the privilege for him in the proper situation, *Farmer v. State,* 5 Md. App. 546, 550-52, 248 A. 2d 809. Since the privilege is personal to the witness the defendant may not assert error on appeal if the

witness is compelled to testify and in doing so implicates the defendant, *Butz v. State,* 221 Md. 68, 156 A. 2d 423, 426-27 which distinguished and overruled in part, *Chesapeake Club v. State,* 63 Md. 446, 455-58. However, the case at bar involves a more intricate problem than the one generally presented wherein a witness is called by the State and is compelled to testify against the defendant. The appellant, here, called a witness in his own behalf and was denied this person's testimony. The issue thus presented is whether the appellant has standing to object in light of the *Butz v. State, supra* line of cases, see *Farmer v. State, supra* at 5 Md. App. at 551-52 for Maryland cases. In *Royal v. State,* 236 Md. 443, 204 A. 2d 500 the same factual situation arose; however, the Court of Appeals of Maryland answered the contentions of Royal without a discussion of whether Royal had proper standing to object.

This concept has been recognized elsewhere. In 58 Am. Jur. Witnesses § 83, it states that "Where a trial court improperly sustains a witness's claim of privilege, the party who has been wrongfully deprived of his testimony and has been injured thereby may object and secure appropriate relief on appeal." Wigmore in his treatise on Evidence stated that "there is ground for complaint by a party if the privilege is *erroneously held applicable* and the answer suppressed," 8 Wigmore *Evidence* § 2270 (2) at 416 (McNaughton Rev. 1961). This concept is based on the fundamental principle that "every man hath a right . . . to examine the witnesses for and against him on oath. . . ." Maryland Declaration of Rights, Article 21. Poling had a right to examine his own witness; and therefore, he had standing to object when denied this right.

In *Knox v. State,* 234 Md. 203, 198 A. 2d 285, 9 ALR 3d 981 the Court of Appeals held that a guilty plea itself is a waiver of the privilege against self-incrimination; so the final point to be assessed is whether the ten stetted [1] counts of the indictment would place Masters in jeopardy at some later date.

"When a lesser offense is a necessary part of the larger, a

---

1. A charge that is stetted "would not necessarily bar a subsequent trial on this charge", *Farmer v. State,* 5 Md. App. 546, 550, 248 A. 2d 809.

conviction or acquittal of the lesser crime bars a prosecution for the greater," *Jenkins v. State,* 3 Md. App. 243, 248, 238 A. 2d 922. Therefore by the modern doctrine of merger [2] the lesser crime merges and prosecution of the larger crime at a later date would be double jeopardy.

The ten stetted counts in Masters' indictment are: Robbery with a dangerous and deadly weapon, attempted robbery with a dangerous and deadly weapon, robbery, assault with intent to rob, larceny, receiving, murder in the first degree, murder in the second degree, manslaughter, and rogue and vagabond. The assault charge would not merge with all the counts; therefore, Masters would still be open to prosecution as to these counts. Masters' claim of the privilege against self-incrimination was, therefore, properly sustained.

Lastly Poling contends that the motion to acquit should have been granted. In a trial by jury "this Court does not inquire into and measure the weight of the evidence, but determines only if there is any relevant evidence to sustain the conviction," *Wilkins v. State,* 5 Md. App. 8, 245 A. 2d 80. We have no difficulty in finding that there was legally sufficient evidence and reasonable inferences therefrom from which the jury could find Poling guilty, beyond a reasonable doubt, of murder in the second degree, see *Hall v. State,* 1 Md. App. 392, 394, 230 A. 2d 473.

*Judgment affirmed.*

---

**2.** For discussion of merger see *Tender v. State,* 2 Md. App. 692, 237 A. 2d 65 and cases therein cited.