JAMES ARTHUR McDONALD, Jr. *v.* STATE OF MARYLAND

[No. 572, September Term, 1969.]

*Decided October 5, 1970.*

The cause was argued before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph G. Koutz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

We reaffirm the rule established in this jurisdiction that a confession voluntarily given by an accused in custody

is not rendered inadmissible by an illegal arrest.[1] See *Stewart v. State*, 232 Md. 318; *Nadolski v. State*, 1 Md. App. 304. The "fruit" of an illegal arrest refers to tangible evidence seized; a confession or admission is not a "fruit" of the arrest in this context. *Butina v. State*, 4 Md. App. 312; *Ervin v. State*, 4 Md. App. 42. James Arthur McDonald, Jr. (appellant) does not claim that his confession was obtained in violation of the procedural requirements mandated by *Miranda v. Arizona*, 384 U. S. 436 or that it was not voluntary in the traditional sense. His attack on its admission is only on the ground that it was obtained after an arrest of him which he contends was illegal. He cites no authority that a confession which is the product of an illegal arrest is *per se* to be excluded and we find none which compel us to so hold. We are aware that the Supreme Court in *Davis v. Mississippi*, 394 U. S. 721, decided 22 April 1969, held that fingerprints obtained from the accused should have been excluded from evidence as the product of a detention which was illegal under the Fourth and Fourteenth Amendments.[2] But if the "comprehensive rule" of *Mapp v. Ohio*, 367 U. S. 643, 655 stated in *Davis*, considered in conjunction with the language of *Bynum v. United States*, 104 U. S. App. D. C. 368, 370, 262 F. 2d 465, 467 (1958), quoted in *Davis*, be construed as a finding that a confession obtained after an illegal arrest was encompassed within the *Davis* ambit, the Court shortly made known that it had not so decided. In *Morales v. New York*, 90 S. Ct. 291 (1969), the Court said, at 293:

> "In any event, in the absence of a record which squarely and necessarily presents the issue and fully illuminates the factual context in which the question arises, we choose not to

---

1. Nor does the illegal arrest affect the jurisdiction of the court, provide a ground for dismissing an indictment or preclude trial and conviction for an offense. *Hammond and Couser v. State*, 7 Md. App. 588.
2. The Court left open whether "the requirements of the Fourth Amendment could be met by narrowly circumscribed procedures for obtaining, during the course of a criminal investigation, the fingerprints of individuals for whom there is no probable cause to arrest." 394 U. S. at 728.

> grapple with the question of the legality of cus-
> todial questioning on less than probable cause
> for a full-fledged arrest."

Until the Supreme Court chooses to grapple with the question and resolves it, we shall abide with the rule as followed in this jurisdiction. We find that even if appellant's arrest was illegal, that fact alone would be no ground to exclude the confession obtained from him. We hold that the lower court did not err in admitting the confession.

To all practical purpose this holding disposes of the other contentions presented.

### The Sufficiency of the Evidence

Appellant contends that the evidence was not sufficient to sustain his convictions at a court trial in the Criminal Court of Baltimore of attempting to rob Charles Finkelstein with a deadly weapon and of assaulting him with intent to murder.

Finkelstein, an owner of a tavern, testified that about 10:30 A.M. on 28 July 1969 he was standing behind the bar talking to a salesman. He had his head down thinking what he should order. "And when I raised my eyes I looked in front of my face and was a gun and two guys standing on the other side of the bar." One of the men said, "Don't move. It's a holdup." Finkelstein said the man directly in front of him had the gun. "He kept his hand straight down on the bar with the barrel on me * * * the barrel was pointed at my stomach." Finkelstein moved behind the cash register, the robber fired, hitting Finkelstein in the arm, and when Finkelstein started to ask for help the robber fired again, the bullet missing Finkelstein and entering the wall. The robbers fled. This testimony was sufficient to establish the corpus delicti of the crimes. See *Wiggins v. State*, 8 Md. App. 598; *Wells v. State*, 8 Md. App. 510; *Harding v. State*, 5 Md. App. 230. In the confession given by appellant to the police he said that Jerome R. Lyles, known to him as Romy, suggested they "stick up the tavern" and he agreed. He walked into the tavern about 10 feet ahead of Lyles

and Lyles pulled a pistol out of his belt. This part of the confession, together with Finkelstein's testimony, was sufficient for the court to find that appellant was a criminal agent in the crimes. See *Johnson v. State*, 9 Md. App. 37. We hold that the evidence in law was sufficient to sustain the convictions. *Williams v. State*, 5 Md. App. 450.

*The Testimony of the Accomplice*

Appellant claims he was convicted on the uncorroborated testimony of the accomplice, Lyles, who was indicted jointly with him but separately tried. The rule that an accused may not be convicted on the testimony of an accomplice, alone and unsupported, see *Boone v. State*, 3 Md. App. 11, 16-20, is simply not applicable here. Lyles did not testify on the general issue. He was not called by the State and when called by appellant he invoked the right against self-incrimination guaranteed by the 5th Amendment. However, during the State's case it adduced evidence through the testimony of two police officers that upon Lyles apprehension he gave a statement "implicating" appellant. Appellant claims that it was this "out-of-court testimony" of Lyles which convicted him. As we have seen there was sufficient evidence for the trier of fact to find that appellant was guilty of the crimes charged without regard to any statement or testimony of Lyles. In any event there is no doubt from the record that the testimony of the officers regarding the "implication" of appellant by Lyles was proffered by the State and received by the court only on the issue of probable cause for appellant's arrest and not on the question of his guilt or innocence. We said in *Winebrenner v. State*, 6 Md. App. 440, at 443:

> "We emphasize that on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, information upon which the police officer acted, even if hearsay, is directly relevant and is admissible."

But as presented on appeal, the question of the legality of the arrest goes only to the admission of the confession. We have held that the confession was admissible whether or not the arrest was legal and as there is no claim that tangible evidence obtained as "fruits" of the arrest were improperly received in evidence, the question of the legality of the arrest is immaterial. *Wayne v. State,* 8 Md. App. 5; *Hutchinson v. State,* 1 Md. App. 362. As the question of the legality of the arrest is immaterial, any question as to the admission of evidence going only to the question of the legality of the arrest is also immaterial. If the evidence regarding Lyles' statement was admitted in error, the error was patently harmless even under the constitutional test. We find no merit in appellant's contention that he was convicted upon the uncorroborated testimony of an accomplice.

## The Right of Confrontation

Appellant claims that he was "denied his constitutional right to confront and cross-examine a witness that gave testimony against him." At the close of evidence offered by the State, after motion for judgment of acquittal had been made and denied, appellant called Lyles as a witness on his behalf. After a recess to enable Lyles' attorney to be present in court, Lyles was called to the stand and sworn. He then said, "I refuse to testify. I take the fifth." The court elicited that Lyles had discussed the matter with his attorney and said, "Under the circumstances, the court is not going to compel him to testify. * * * [T]he court cannot compel him to testify. He is a defendant in his own case." Defense counsel said, "Very well", and the matter was not further pursued, appellant proceeding to present his case. The proper procedure to be followed in invoking the privilege against self-incrimination was set out in *Royal v. State,* 236 Md. 443 at 447:

> "The proper course of procedure is for the witness to wait until a question has been propounded which tends to incriminate him and then decline to answer it. Likewise, if further in-

terrogation is pressed as is often the case, the witness should answer the questions, one by one when propounded, or claim his privilege to decline answering; otherwise, since it cannot be known beforehand which he will do, the court would be unable to rule whether an answer to the particular question might incriminate the witness. This, of course, is a matter for the trial judge to determine as and when each claim of privilege is invoked."

Appellant did not protest the procedure followed below nor does he question it on appeal. He alleges that Lyles was a compellable witness because "he was not on trial as a defendant." However, it appeared that there had been no disposition of the charges against Lyles. Appellant had a right to examine his own witness and therefore had standing to object if denied the right. *Poling v. State,* 6 Md. App. 45, 48. But he asked no question of Lyles so the court could pass on whether the witness could be compelled to respond. We construe the comments of the lower court as indicating it would not compel the witness to answer any question to which the privilege applied and this would be proper. But appellant asked no questions of the witness and there are no rulings of the court thereon for us to review. Since there were no questions propounded and suppressed we are unable to say that the privilege was erroneously held applicable. See *Poling v. State, supra,* at 48; *Pope v. State,* 7 Md. App. 533.

It seems from appellant's argument in his brief that the basis of his complaint on this point is that he was unable to interrogate Lyles about the statement the police officers said he gave implicating appellant. But, as we have seen, the evidence with respect to Lyles' statement to the police was admitted only as to the legality of appellant's arrest. And as the legality *vel non* of the arrest was immaterial in the circumstances, that appellant did not have the opportunity to examine Lyles in open court on the matter did not prejudice him in any event.

*Judgments affirmed.*