## MURRAY *v.* STATE

[No. 56, September Term, 1961.]

*Decided November 13, 1961.*

Submitted on briefs to HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Milton B. Allen,* for appellant.

*Thomas B. Finan, Attorney General, William J. McCarthy, Assistant Attorney General, Saul A. Harris* and *Robert V.*

*Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, for appellee.

PER CURIAM.

In an indictment returned by the Grand Jury of Baltimore City, Sidney Murray, the appellant, was charged with a current violation of the lottery laws and being a second offender.

He and one Robert Gaston were jointly tried by the Criminal Court of Baltimore (Judge Carter sitting without a jury), which rendered a general verdict of guilty. He was sentenced to confinement in the Maryland Penitentiary for a term of three years, and appeals from this judgment and sentence. He presents two questions: (1) Whether there was sufficient evidence to support the trial court's finding that he had previously been convicted of violation of the lottery laws, and (2) whether there was sufficient evidence to support a current conviction for violation of lottery laws.

We find no merit in his contentions with reference to either question.

At the trial the State presented in open court the following stipulation:

> "In Indictment No. 278, it is stipulated and agreed between the State and the Defense, that Sidney Murray, on the 30th day of November, in the year of Our Lord 1959, in the Criminal Court of Baltimore City was found guilty of violation of lottery laws and fined $250 and costs."

The judge then inquired:

> "Was *he* indicted as a second offender?
> (Mr. Lazzaro) *He* is indicted as a second offender.
> (Mr. Siegel [defense trial attorney]) That is why *we* are stipulating, sir." (Emphasis supplied.)

A stipulation in open court, such as we have here, dispenses with the need for producing evidence in the usual form to prove the facts so admitted. *Beard v. State,* 216 Md. 302, 311, 140 A. 2d 672. There can be no doubt that the only

Sidney Murray that could have been referred to within the frame of reference in the instant case was the appellant.

The appellant was apprehended in the basement of the house where the lottery was being conducted. When Police Sergeant Holland entered the basement appellant was hastily throwing the lottery slips into a stove. Additional lottery slips were found on the premises. A reasonable inference could be drawn that the appellant was using these slips in the carrying on of a lottery business. Cf. *Moore v. State,* 199 Md. 676, 87 A. 2d 577.

*Judgment affirmed, with costs.*