## KNIGHT *v.* STATE

[No. 11, September Term, 1962.]

*Decided October 16, 1962.*

Submitted on the brief to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted by *Albert A. Levin* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Saul A. Harris, State's Attorney* and *Charles E. Moylan, Jr., Assistant State's Attorney,* for appellee.

PER CURIAM.

William H. Knight was convicted by a jury of the possession and control of narcotics. On appeal, in claiming insufficiency of the evidence to support the verdict, he asserts that the failure of the State to produce "Dukey," a special employee of the narcotics squad, as a witness was fatal. We think not.

A member of the squad searched the special employee and gave him money to make a purchase. While they were riding around together on the lookout for narcotics offenders, the employee noticed the defendant, a suspect, and got out of the automobile to contact him. The officer, watching from the parked automobile, saw the employee give the defendant money and the defendant walk away. In a few minutes the defendant returned, entered the automobile and rode away with the officer and the employee. Subsequently, the defendant got out

of the automobile at a designated place and entered a house. When he returned, he reentered the automobile and gave the employee a glassine envelope containing narcotics. Under similar circumstances a second purchase was made from the defendant in about a month. At a later date the defendant was arrested.

As was held in *Whyte v. State,* 229 Md. 459, it was not essential for the State to produce the special employee as a witness. So long as there was other sufficient evidence—and there was, as is apparent from the record — from which the jury could find the defendant guilty beyond a reasonable doubt, the verdict will not be set aside. See *Whyte v. State, supra; Wright v. State,* 222 Md. 242.

*Judgment affirmed.*