WHYTE *v.* STATE

[No. 10, September Term, 1962.]

*Decided October 16, 1962.*

The cause was submitted to the full Court.

Submitted on brief by *Albert A. Levin* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Dene L. Lusby, Assistant State's Attorney,* for the appellee.

PER CURIAM.

Ignatius N. Whyte was convicted by a jury of the possession and control of narcotics. On appeal he claims insufficiency of the evidence and entrapment by the police. Both contentions are without merit.

A member of the narcotics squad, having searched a "special employee" (known as "Dukey") and finding no money or narcotics in his possession, gave him money with which to

make a purchase. The officer, in plain clothes, while following the special employee and defendant, saw the employee give the defendant money and saw the defendant walk into a school yard, leaving the employee in the street. After the lapse of about a minute, the defendant returned and gave "something" to the employee, who, in turn, gave a package, containing two capsules of heroin, to the officer. The officer again searched the employee and found neither narcotics nor money. The defendant was arrested approximately sixty days later in a series of arrests along with other suspected offenders. The State introduced the testimony of the "undercover" officer and the captain of the narcotics squad, but the special employee was not called to testify. The motions of the defendant for a judgment of acquittal on the possession and control counts in the indictment were overruled.

It was not essential to the prosecution that it call the special employee as a state witness. And since there was legally sufficient evidence from which the jury could find the defendant guilty beyond a reasonable doubt, the verdict will not be set aside. *Wright v. State,* 222 Md. 242.

The complaint with respect to entrapment was groundless. The issue was submitted to the jury on proper instructions and it found against the defendant. *Baxter v. State,* 223 Md. 495, cert. den. 366 U. S. 968. See also *Ferraro v. State,* 200 Md. 274.

*Judgment affirmed.*