## DREHOFF *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 85, September Term, 1962.]

*Decided June 7, 1963.*

Before the full Court.

Sybert, J., delivered the opinion of the Court.

The applicant pleaded guilty in the Criminal Court of Baltimore to a charge of burglary and was sentenced to 5 years' imprisonment. He filed a petition for relief under the Post Conviction Procedure Act and now seeks leave to appeal from its denial. In the original case and in the post conviction proceedings he was represented by different, experienced, court-appointed counsel.

Applicant's principal contention is that there was a conflict between the decisions of Chief Judge Niles, who sat in the original burglary case, and Judge Foster, before whom he testified as a witness in a new trial granted to a co-defendant, Paul Ridgely. In order to understand applicant's contention a brief factual review is necessary. Four parties had been indicted in the case: Ridgely, Allen Wahl, Carl Montier and the applicant. Subsequent to the applicant's plea of guilty, Ridgely and Montier were found guilty of burglary by Judge Niles and Wahl was found not guilty. Ridgely moved for a new trial, and when it was granted Montier and the applicant were returned from their respective penal institutions in order to testify. The applicant claims that he told the same story at Ridgely's new trial as he had told at the previous trial, but that Montier changed his story, now implicating only Wahl and Ridgely in the burglary and exonerating himself and the applicant. The applicant claims that Judge Foster, in convicting Ridgely of burglary, stated that he believed the story related by Montier and not the one told by the applicant. Because Montier's version of the crime exonerated the applicant (even though the applicant's own version did not), it is his contention that Judge Foster's acceptance thereof amounts to a finding by him that the applicant was not guilty of the crime for which he had previously pleaded guilty and was sentenced.

We point out that there was no conflict between decisions of Judges Niles and Foster, since the former made no finding as to the guilt of the applicant, but simply accepted his proffered plea of guilty. Even if the applicant's version of what occurred at Ridgely's second trial is correct, it avails

656

him nothing. At that trial the applicant was merely a witness, not a defendant on trial. Therefore Judge Foster could not, and in fact did not, make any determination as to his guilt or innocence. In any event, the question of guilt or innocence can be raised on appeal but is not available for post conviction relief. *Fisher v. Warden,* 230 Md. 612; *Trader v. Warden,* 226 Md. 672. If this claim is intended as a motion for a new trial based on newly discovered evidence, it was not timely filed under Maryland Rule 567 a, which requires such motions to be filed within three days after the reception of a verdict. *Giles v. State,* 231 Md. 387.

Applicant also claims that he never saw nor heard from the counsel appointed by the court to represent him in the post conviction proceedings. This contention is answered by Judge Cullen's finding that applicant's counsel "investigated the case", discussed the matter with the applicant, presented himself at the hearing on behalf of the applicant and argued the points raised. In addition, we find in the record a memorandum filed by applicant's counsel before the hearing in which the points raised by the applicant are discussed and authorities cited. Hence we find no merit in this claim.

*Application denied.*