## TOYER v. STATE

[No. 258, September Term, 1963.]

*Decided April 7, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*John R. Hargrove* for the appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Don-*

*nell, State's Attorney for Baltimore City,* and *Bernard L. Silbert, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Two questions are presented by this appeal. In one the appellant asserts that the evidence was legally insufficient to convict him of selling narcotics for the reason that he was a sub-agent of the special employee, but he seems to have overlooked the fact that he took money from the special employee in exchange for the narcotics, that after he was taken into custody he orally admitted having made the sale, and that at his trial he acknowledged having had enough experience with drugs to know what he was doing. This was enough to warrant his conviction. See *Stewart v. State,* 232 Md. 318; *Knight v. State,* 229 Md. 460; *Whyte v. State,* 229 Md. 459. By the second question it is contended that the appellant was deprived of a fair trial because the State did not call the special employee as a witness. This, too, is without merit. See *McCoy v. State,* 216 Md. 332. Not only did the appellant know the special employee, but it was he who had summoned him to appear in court. Moreover, no demand was made that the special employee be called, nor was the State asked to explain why it did not call him.

*Judgment affirmed; the appellant*
*to pay the costs.*