## LEE *v.* STATE

[No. 370, September Term, 1963.]

*Decided June 18, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*George L. Russell, Jr.,* with whom was *Richard K. Jacobsen* on the brief, for the appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

Found guilty by a court, sitting without a jury, of the illegal sale and possession of narcotics and determined to be a second offender on each of two indictments, Robert Lee appeals from judgments and sentences of ten years in the Maryland Penitentiary, the sentences to run consecutively. He asks us to reverse the judgments and sentences on the ground that the lower court committed reversible error in deciding the case because the defense attorney had been unsuccessful in obtaining, through a motion for discovery, the name and address of an informer who, appellant claims, was necessary for a proper defense of his case.

Sergeant Dino, a federal narcotics agent, testified that he purchased heroin on three separate occasions from the appellant. On the first occasion he was introduced to Lee by one Steve Prestack, an informer, in the vicinity of the 5800 block of Belair Road shortly before 11:00 p.m., March 12, 1963. The agent advised appellant he wanted to purchase heroin, and the appellant informed him that he had a supply in Baltimore and that the price would be twelve dollars per deck. Dino gave Lee twenty-five dollars for two decks. As arranged, the agent and the informer later met the appellant shortly after midnight on March 13, 1963, at which time appellant delivered directly to Dino the two decks of heroin and a dollar in change. Arrangements were made for Dino, the informer, and Lee to meet later that evening. They met as planned, an additional twenty-five dollars was given to appellant, and about an hour later he returned with two decks of heroin and a dollar change, finding Dino alone this time.

The agent further testified that he again met with Lee on March 18th at about 11:00 p.m., at which time they agreed

to meet about 1:00 p.m. the following day near Madison and North Avenues. The rendezvous was kept and agent Dino ordered three decks of heroin, giving appellant thirty-seven dollars. As before, Lee left, returning later with twelve capsules of heroin this time, giving Dino eleven and keeping one for himself. Prestack was not present at either of these meetings. Lee was subsequently arrested by federal agent Notel pursuant to a warrant, the validity of which is not in question.

On cross-examination of witness Dino, defense counsel asked him for the name and address of the informer and where he might be located. He stated that the informer's name was Steve Prestack, but he was unable to give an address or state where he might be located. He testified that he had known the informer about two or three weeks but that he knew nothing about his or appellant's personal lives.

In support of his contention that he was entitled to know the name and address of the informer, appellant relies strongly on the case of *Roviaro v. United States,* 353 U. S. 53. There the petitioner was convicted of an illegal sale of narcotics to one "John Doe", who was an informer. The petitioner had demanded his identity and the government's refusal to disclose the identity was held by the Supreme Court to be reversible error. The case was recognized but found distinguishable by Judge Horney for this Court in *McCoy v. State,* 216 Md. 332, 337, 140 A. 2d 689. That case stated the rule that ordinarily the State has a privilege of non-disclosure and is not required to divulge the name of one who furnishes information of violations of law to an enforcement officer. Also stated was that where the informer is a participant in the alleged illegal act and he was not already known to the accused who has made a proper demand upon the State for identification and location of the informer, then the general rule does not apply. As stated in *Roviaro v. United States, supra,* at pp. 60-61:

> "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."

See *Drouin v. State,* 222 Md. 271, 286, 160 A. 2d 85, for the rule of disclosure of an informer where the issue of probable cause to make an arrest without a warrant depends upon information received from a non-participating informer.

In *McCoy v. State, supra,* we held the exception to the privilege unavailable because there was no showing the accused had made a demand upon the State to disclose or summon the informer, nor did the accused request the State to explain the informer's absence. *Cf. Rugendorf v. United States,* 376 U. S. 528, where petitioner's claim that he was entitled to the informant's name in order to defend himself was rejected. The majority of the Supreme Court held the claim was not properly raised at the trial and thus would not be considered. See also *Toyer v. State,* 234 Md. 324, 199 A. 2d 233, where the accused not only knew the informer but had summoned him and then complained that the State had not called him as a witness.

In the case before us there is strong indication that appellant knew the informer because he had introduced him to the narcotics agent. There is some doubt as to whether a proper demand was made upon the State. Paragraph No. 2 of appellant's motion for discovery requested that names and addresses of any special employee or informer used by the Baltimore police in the case be supplied. All the events leading up to and including the arrest of Lee were participated in by federal narcotics agents, but Lee was turned over to the Baltimore police for prosecution. The answer to the motion for discovery filed by the State's Attorney for Baltimore City answered paragraph No. 2 of appellant's motion with the somewhat evasive statement that "Witnesses are listed in Answer No. 1." (Those to be called by the State to prove its case in chief.) However, there is nothing in Maryland Rule 728 which requires the State to include the name and address of an informer in its answer to a motion for discovery. With respect to persons involved it merely requires the prosecution to furnish names and addresses of all witnesses which the State intends to call to prove its case in chief. Of course it was not essential to the prosecution that it call the in-

former as a State witness so long as there was legally sufficient evidence from which the court, as the trier of fact, could have found Lee guilty beyond a reasonable doubt. *Whyte v. State,* 229 Md. 459, 184 A. 2d 738; *Wright v. State,* 222 Md. 242, 159 A. 2d 636. That the evidence was legally sufficient here is not disputed.

Assuming the demand sufficient, we do not think the *Roviaro* case aids appellant because we think it clear that the informer Prestack, unlike the informer "John Doe", did not play a direct part in the illegal transaction. In *Roviaro* the heroin was sold to the informer. In the instant case, the heroin was sold directly to the federal agent. At Roviaro's trial the court refused to hear evidence as to the name and address of the informer. Counsel for Lee was allowed to cross-examine agent Dino freely as to the name and whereabouts of the informer, and he did in fact disclose the name but testified he did not know where Prestack might be found. At this point counsel might have asked for a continuance to attempt to locate Prestack, but this was not done. Roviaro and "Doe" were alone and unobserved during the crucial transaction, and thus if the accused did not take the stand in his own behalf, the informer was a material witness. In this case, the informer was never alone with Lee, and in fact on the occasion of two of the three sales was not even present. Only Dino and the appellant were there, and defense counsel did cross-examine the agent. Finally, the government used Roviaro's conversation with the informer, and there was no way afforded the accused to cross-examine. Here the State made no use at the trial of any alleged conversation between Lee and the informer, and of course agent Dino was always present when they were together.

Since the informer was not a direct participant in the sale of the heroin which formed the basis for the appellant's subsequent conviction, the general rule of nondisclosure is applicable, and therefore the judgments must be affirmed.

*Judgments affirmed.*

306

BRUNE, C. J., filed the following concurring opinion.

I concur in the result in this case because it seems clear that the appellant knew the informer and hence I believe that no prejudice resulted to him from the State's answer to Item 2 in the appellant's motion for discovery. By that Item the appellant sought to have the State "[f]urnish the defendant with the names and addresses of any special employee or informer used by the Baltimore City Police Department in the above-captioned case." The answer thereto was: "Witnesses are listed in Answer No. 1." No special agent or informer was listed in Answer No. 1. This form of answer, I think, carried the clear implication that there had been no special agent or informer. If there had been no such person employed by the City Police (he may have been employed only by the Federal agent without collaboration with the City Police) that could have been stated, and I think should have been stated without equivocation. If the answer was based upon the theory that the defendant was not entitled to that desired information, an exception to this Item should, in my opinion, have been filed. The State, I think, knew or ought to have known that a special agent or informer had been used. I think that a frank answer should have been given or a frank exception filed. The answer given seems to me to have operated as either a deceptive means or an inexcusably negligent means of avoiding doing either and of withholding information, depending upon whether the deception was due to design or to ignorance of a fact that should have been known.