CROSS *v.* STATE

[No. 426, September Term, 1963.]

*Decided July 1, 1964.*

The cause was argued before the entire Court.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for the appellant.

*Roger D. Redden, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Donald Needle, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The defendant, claiming entrapment by a narcotics agent, contends that his motions for directed verdicts of acquittal were erroneously denied.

Within an eight-day period, the defendant, an addict, made four separate sales of heroin to an agent (introduced to defendant by an informer) under almost identical circumstances as to place of contact and completion of the transactions. The defendant, after inquiring whether the agent wanted to buy heroin, and being told that it would have to be produced first,

378

would disappear and return in a few minutes with the narcotics, after which he would be paid the agreed price in cash. The defendant admitted making each of the deliveries but denied they were "sales" because he only ran "errands" for the agent, whom he thought was also a "user." He also admitted taking money for the heroin but insisted that his only purpose was to purchase drugs for his own use and that this was known to the agent.

Since the evidence shows that the illegal transactions originated with the defendant, not the narcotics agent, there was no evidence of entrapment. Although the defendant's claim that he had been "enticed" to procure heroin for the agent on the promise of the agent that he would give the defendant "a fix" for himself, raised a conflict in the testimony which the trial court resolved adversely to the defendant, the asserted excuse of entrapment is indistinguishable from those unsuccessfully relied on in *Lane v. State*, 226 Md. 81, *Stewart v. State*, 232 Md. 318, and *Snead v. State*, 234 Md. 63.

We think the evidence was such as warranted conviction. See *Toyer v. State*, 234 Md. 324.

*Judgments affirmed.*