STATE *v.* BROWN

[No. 402, September Term, 1963.]

402

*Decided July 2, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Don-*

*nell, State's Attorney for Baltimore City,* and *William T. S. Bricker, Assistant State's Attorney,* on the brief, for the appellant and cross-appellee.

*Bayard Z. Hochberg* for the appellee and cross-appellant.

HENDERSON, J., delivered the opinion of the Court.

On December 31, 1961, appellee and cross-appellant was convicted of illegal posession and control of heroin, in a non-jury case before Judge Carter, and sentenced to twelve years in the House of Correction. He had been convicted on two prior occasions of violations of the narcotics law. He did not appeal, but on August 20, 1962, filed a petition for post conviction relief. Counsel was appointed and a hearing was held before Judge Allen. There were subsequent amendments and hearings, and on June 26, 1963, Judge Allen ordered his release. The order was stayed pending an application by the State for leave to appeal. Leave to appeal and leave to file a cross-appeal were granted, and the case was briefed and argued in this Court.

The ground upon which Judge Allen ordered the petitioner's release was that the petitioner was denied due process of law because his conviction "for the alleged current offenses of possession and control of narcotics were without legal basis * * *." The State contends that Judge Allen passed on the sufficiency of the evidence, not a proper subject of inquiry under the Post Conviction Procedure Act, and that in any event the evidence was sufficient. To understand the contentions it is necessary to summarize the facts.

Officer Buchanan, attached to the narcotics squad of the Baltimore City Police, accompanied by an informer and addict named Sylvester Holman, known as "Dukie," went to Fulton and Baker Streets about 4:20 p. m. on October 20, 1961. They met Brown, who was an acquaintance of Holman's and an addict. Holman asked Brown if he could get some heroin for him. Brown readily agreed to do so and Holman gave him ten dollars in marked money. Brown went away and returned a few minutes later with a glassine envelope containing heroin. Whether Brown got the envelope from his room, or from a

third person, was not shown. Officer Buchanan testified that he saw Brown hand the envelope to Holman, and that Holman gave it to the witness. The officer had searched Holman before they went on the expedition. Officer Buchanan took the envelope to the United States Customs laboratory, and upon verification as to what it contained, arrested Brown on October 25, 1963. Brown was interviewed by Captain Carroll and admitted meeting Dukie and Officer Buchanan, but denied that he produced any drug. Brown was charged and tried as a third offender for the sale, dispensing, possession and control of illegal narcotics. However, when the evidence at the trial showed that the sale was made to Holman, not to Officer Buchanan as alleged in the indictment, Judge Carter found him not guilty on the first two counts, but guilty of illegal possession and control. The appellee stipulated at the trial to the fact of his two prior convictions on February 4, 1957, and December 18, 1959, as alleged in the ninth, tenth, eleventh and twelfth counts of the indictment.

Code (1963 Supp.), Art. 27, sec. 645 A (b), states that the remedy provided by the Post Conviction Procedure Act "is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court * * * or any remedy of direct review of the sentence or conviction." We have repeatedly held that questions of the petitioner's guilt or innocence, or the sufficiency of the evidence to convict, are not open on post conviction. *Duff v. Warden*, 234 Md. 646, 648; *Slater v. Warden*, 233 Md. 609, 611; *Harrington v. Warden*, 232 Md. 621, 626; *Drehoff v. Warden*, 231 Md. 654, 656. The appellee seeks to draw a distinction between the legal sufficiency of evidence, and the absence of any evidence at all. He cites *Thompson v. Louisville*, 362 U. S. 199, *Garner v. Louisiana*, 368 U. S. 157, and *Taylor v. Louisiana*, 370 U. S. 154. See also the annotation in 80 A.L.R. 2d 1362. He also cites *United States v. Myers*, 301 F. 2d 782 (C.A. 3d.), *cert. den.*, 371 U. S. 841; *Torrance v. Salzinger*, 297 F. 2d 902 (C.A. 3d.), *cert. den.*, 369 U. S. 887; *Penn v. Salzinger*, 177 A. 2d 619 (Pa.), *cert. den.*, 369 U. S. 888; *Faust v. North Carolina*, 307 F. 2d 869 (C.A. 4th), *cert. den.*, 371 U. S. 964. Cf. *Grundler v. North Carolina*, 283 F. 2d 798, 802 (C.A.

4th). In *Faust* it was said (p. 872) that "there is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law and one so totally devoid of evidentiary support as to raise a due process issue."

If we assume, without deciding, that the distinction is valid, and that the facts in the instant case do raise an issue of due process, we find no legal basis for the action taken. Judge Allen's holding was that even assuming the facts to be as stated and found by the trial court, the possession and control was in law that of the informer or officer. It was predicated upon *Henderson v. United States,* 261 F. 2d 909 (C.A. 5th), a case wherein the accused was convicted of acquisition, concealment and sale of narcotics. The Court of Appeals, in reversing and remanding, held that the defendant had been entrapped and went on to say (p. 912) that "the defendant acted, not for herself but as the subagent of, and conduit for, the government's provocator, and, because, acting for the government, he was not guilty of any offense, neither was she," citing *United States v. Sawyer,* 210 F. 2d 169 (C.A. 3d.) and *Adams v. United States,* 220 F. 2d 297 (C.A. 5th), both cases where the defendant was convicted only of selling heroin. See also *United States v. Prince,* 264 F. 2d 850 (C.A. 3d.). In *Coronado v. United States,* 266 F. 2d 719, 720 (C.A. 5th), *cert. den.,* 361 U. S. 851 the Court said:

"*Henderson* and related cases held that if the accused acted as a purchasing agent for the buyer of narcotics and did not act as or represent the seller, he cannot be convicted of making an illegal sale of narcotics. * * * The defense presupposes a sale. * * * It does not apply in the instant case since Coronado was not convicted of selling narcotics. He was convicted of unlawfully acquiring and facilitating the transportation and concealment of heroin." For similar holdings see *Vasquez v. United States,* 290 F. 2d 897, 898 (C.A. 9th), and *Washington v. United States,* 275 F. 2d 687, 690 (C.A. 5th). The crimes of which Brown was convicted, possession and control, may be equated with the crimes of which the defendants were convicted in the later Federal cases. We considered the same point in *Stewart v. State,* 232 Md. 319, 322, and we think that case is controlling here. Cf. *Snead v. State,* 234 Md. 63.

It was shown in the instant case that Officer Buchanan saw Brown hand the envelope, later found to contain heroin, to Holman. Obviously, at that moment Brown was in physical possession and control of the drug. He does not claim entrapment. Since Brown was not convicted of a sale of narcotics, we do not reach the question posed in the *Henderson* case.

In the cross-appeal the appellee urges that Judge Carter's finding of guilty generally, without further specification of any particular counts, was a finding of guilt with respect to the current offense only, and the sentence as a third offender was therefore void. The record clearly shows that Judge Carter found Brown not guilty on the first two counts, and "necessarily the same verdict would have to apply to the fifth, seventh, ninth and tenth counts" (alleging a sale to Officer Buchanan). The verdict was guilty as to the third and fourth counts. "Now, of course, that means you have stipulated that he had two prior convictions." Since Brown had so stipulated in open court, it was not necessary for Judge Carter to make a specific finding of guilt on counts five through twelve, charging the prior offenses, in order to sentence the accused as a third offender. *Beard v. State,* 216 Md. 302, 309. See also *McCoy v. State,* 216 Md. 332, and *Murray v. State,* 226 Md. 624. The case of *Robertson v. Warden,* 212 Md. 646, relied on by the appellant was distinguished in *Beard,* and is distinguishable here.

The appellee further contends that incorrect advice given by his court-appointed counsel deprived him of his right to appeal. His trial counsel (not his present counsel) testified that he told the defendant he had a right to file a motion for a new trial or to take an appeal, but admitted that he told Brown, or his relatives, that they would have to put up the money to pay for the transcript. Brown was an indigent, and under the rule laid down in *Griffin v. Illinois,* 351 U. S. 12 (1956), he was entitled to a free transcript. In *Pearlman v. State,* 226 Md. 67, 74, we called attention to Code (1960 Supp.), Art. 5, sec. 15 A, implementing the right established by the Supreme Court. The appellant argues that this erroneous advice placed a stumbling block in the way of an appeal, and that he should be entitled to a belated appeal.

We have held under similar circumstances that erroneous advice given by counsel would not afford grounds for a belated appeal. *Strosnider v. Warden,* 216 Md. 635. The decision was rested in part upon the ground that the appeal was not thwarted by the action of any State official. But see *State v. Shoemaker,* 225 Md. 639. However, the main reliance of the opinion was upon the fact that there was no effort to take an appeal, and hence that there was no authority in the courts to waive the time limitation. Cf. *Sewell v. Warden,* 235 Md. 615, and cases cited.

But if we assume, without deciding, that the petitioner might be entitled to a belated appeal under some circumstances, as a remedy to insure that he could obtain as full a review as if he had entered an appeal, we find no error in this record to justify the remedy sought, since none of the points herein presented, that could have been raised on direct appeal, has any merit.

In addition to the points raised by counsel, which we have already discussed, the appellee and cross-appellant raises further contentions, summarized by Judge Allen as follows:

1. He received an unfair trial.

2. He was convicted because of his previous record.

3. He was convicted on influence of Captain Carroll and not on the evidence presented in court.

4. He received an unjust sentence.

5. The court erred in not summoning the informer into court.

6. He did not have drugs in his possession at the time of his arrest.

7. He did not give the officer any drugs.

8. The officer purchased the drug from the informer in the presence of the petitioner.

9. The officer could not have seen the purchase since he was two blocks away.

10. Captain Carroll said petitioner was too smart and should have received more than two years on a previous conviction.

11. Captain Carroll told petitioner he would get fifteen years; he actually did receive fifteen years but Judge Carter reduced it to twelve years.

12. The informer had a criminal record and petitioner was

found guilty on the informer's statements to the officer and to Captain Carroll.

13. The court disregarded all the legal points in the petitioner's favor.

14. If the informer had been in court, he would have testified that he did not get the drugs from the petitioner.

Most of these contentions require no comment. They go to the weight of the evidence, or they lack specificity. The sentence was within the maximum of twenty years for a third offender. Code (1957), Art. 27, sec. 300. The points regarding the failure of the State to produce the informer "Dukie" are without merit. See *Whyte v. State,* 229 Md. 459, and *Knight v. State,* 229 Md. 460. Cf. *Lee v. State,* 235 Md. 301. The testimony of Officer Buchanan was enough to support the verdict. Moreover, the appellee knew the informer, but made no effort to summon him or to seek a postponement.

> *Order reversed and petition dismissed.*