Gary Dale POSEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17066.

Court of Criminal Appeals of Oklahoma.

March 1, 1973.

Frank R. Courbois, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Charles L. Pain, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Gary Dale Posey, who will hereafter be referred to as defendant, was convicted in the District Court of Oklahoma County, for the crime of sale of marihuana, after former conviction of a felony, in Case No. CRF–69–2360. Defendant was tried along with a co-defendant, Asa Lee Mayes, and both defendants were found guilty. Punishment for defendant Mayes was fixed at three years imprisonment, and defendant herein was sentenced to serve ten years imprisonment. Defendant's first purported appeal was dismissed by this Court for the reason the original record and transcript of evidence were not filed in accordance with 22 O.S. 1971, § 1054. Defendant filed for post conviction relief under the provisions of 22 O.S.1971, § 1080 et seq. The trial court granted defendant's post conviction relief and this appeal was thereafter filed in this Court.

The facts briefly stated, reveal that on August 9, 1969, Oklahoma City undercover police officer, John H. Cain[1] approached defendant about 1:00 A.M. and offered to buy some marihuana from defendant. Defendant advised the officer that he didn't have any marihuana, but that he could take him to someone who might sell him some. Defendant got into the officer's automobile

---

1. The transcript of evidence spells the officer's name "Cain," but it is no doubt officer John H. Kane.

and they drove to Nineteenth and Francis Street, where defendant left the car for a few minutes and returned with co-defendant Mayes. The parties entered the officer's car and drove to Northwest Seventeenth and Brauer Street. Defendant and Mayes got out of the car to go and buy the marihuana for the officer. The officer gave a twenty dollar bill to Mayes and instructed them if they could not buy hashish for fifteen dollars, then they should "call off the whole thing." The two men entered a nearby residence and were gone for five or ten minutes when they returned to the officer's car. Defendant handed the officer an aluminum foil wrapper, Mayes handed the officer a five dollar bill, and they told the officer they had gotten the price down to fifteen dollars. The officer put the packet and the money in his pocket and returned defendant and Mayes to the respective points at which they were picked up. The substance in the aluminum foil packet was identified as hashish; and G. A. "Buddy" Burns testified that he had Officer Cain under surveilance during the entire transaction.

Defendant did not testify, but defendant Mayes did testify. In substance, he related that defendant came to his apartment and told him that he had a friend that needed some marihuana, and asked Mayes if he knew any place where he could get some for his friend. Mayes told defendant that he didn't have any marihuana and that he wasn't sure of any place where he could get some. But Mayes and defendant went out to the officer's car where a conversation ensued. Officer Cain asked Mayes if he knew any place where he could get some marihuana, and Mayes told him that he wasn't sure, but they might try a place nearby. Mayes gave the directions how to get to the place. Mayes related that the officer gave him the twenty dollar bill and told him not to pay more than fifteen dollars for the marihuana. Mayes testified that he purchased the marihuana for the officer from a person named "Stu"; that they gave the packet and the five dollars to the officer; and the officer returned

them to the places where he picked them up. Thereafter, the two defendants were arrested and charged with the sale of marihuana.

Defendant argues one proposition in his appeal as follows: "A defendant who has acted without interest or benefit of an alleged sale cannot be convicted as a seller even though his conduct may have facilitated the sale where the evidence shows no conspiracy or pre-arranged plan between the defendant and the seller." In support of this proposition defendant relies primarily upon this Court's decision in Jones v. State, Okl.Cr., 481 P.2d 169 (1971). This Court said in Jones v. State, supra:

> "Although by statute in Oklahoma, one who 'aids and abets' is a principal in a crime, a conviction cannot be obtained if there is 'no proof of a conspiracy or prearranged plan' between the alleged abettor and the one who actually commits the crime. Anderson v. State, 66 Okl.Cr. 291, 91 P.2d 794 (1939). Absent proof of conspiracy, a conviction cannot be sustained . . ." at page 173 of 481 P.2d.

In the instant case, there is no proof of "any community of scheme," collaboration, or association, between defendant and the seller "Stu," nor did defendant have any personal or financial interest in the transaction. Consequently, there being a total failure to prove the necessary element to constitute a "sale," as to the defendant, and no proof of conspiracy or pre-arranged plan, we are bound to hold that the verdict of guilty could only have been based upon speculation.

A case very similar to the instant case was Commonwealth v. Simione, 447 Pa. 473, 291 A.2d 764, 1972. In the Pennsylvania case the evidence showed that one Paul Guy pursuaded Simione to arrange a sale of a quantity of hashish through a third party, James Heisey. Paul Guy testified that the alleged transaction took place in the kitchen of his apartment and that the three people were all present. Guy stated that he gave a twenty dollar bill to

Simione, who then handed the money to Heisey. Heisey accepted the money and gave the gram of hashish and five dollars in change to Simione, who in turn gave the hashish and change to Guy. The Supreme Court of Pennsylvania reduced the question in that appeal to the following: "We must determine whether the evidence was sufficient to establish that appellant 'sold' a prohibited drug." In reaching its decision the Pennsylvania court stated:

"This Court is obligated to construe words employed in the laws of this Commonwealth 'according to their common and approved usage.' Where as here there is no evidence that the defendant received any of the proceeds of the sale or was employed by the seller to promote sales, we do not believe it can be fairly said that defendant is guilty of a 'sale,' and we hold that as a matter of law defendant cannot be included in the category of 'sellers' of narcotic drugs that the Legislature singled out for especially severe punishment."

In People v. Turner, 38 Mich.App. 479, 196 N.W.2d 799 (1972), Division 2 of the Court of Appeals of Michigan, held:

"[T]he term 'agent' used in the 'sale' definition refers only to the agent of the vendor."

In the Michigan case the informer gave defendant twenty dollars for the purchase of heroin; defendant bought the heroin from a third party and gave it to the informer. Defendant was thereafter charged for the sale of heroin. The Michigan Statute defining the word "sale" is identical to 63 O.S.1961, § 401. In People v. Turner, supra, the Michigan Court said, "The procuring agent defense to the charge of the sale of narcotics has been recognized by almost all the Federal circuits and by the States of New York and Massachusetts. It first appeared in United States v. Sawyer, 210 F.2d 169, 170 (C.A. 3, 1954)." See also: Adams v. United States, 220 F.2d 297, 299 (C.A. 5, 1955); and United States v. Winfield, 341 F.2d 70, 71 (C.A.2, 1965)

The Michigan Court of Appeals adopted the theory of Commonwealth of Massachusetts v. Harvard, 356 Mass. 452, 253 N.E. 2d 346 (1969), which this Court cited in Jones v. State, supra; and stated in People v. Turner, supra, "This Court is of the opinion that the term 'agent' used in the 'sale' definition refers only to the agent of the vendor." We agree.

We agree further with the Michigan Court "that a procuring agent who buys from a third party with funds provided by his principal, and at the principal's request, is far different from the employee of a narcotics peddler. It is only the latter individual who can in any sense be considered to be a seller of narcotics." 196 N. W.2d at 803.

■ We are therefore of the opinion, and so hold, that the evidence in the instant case presented a valid procuring agent defense to a charge of sale of hashish (marihuana). Therefore, there being insufficient evidence to sustain the charge for the sale of hashish, defendant's motion for a directed verdict of not guilty, or in the alternative to dismiss the information on the grounds that there was a fatal variance between the allegations set forth in the information, and the evidence offered by the state, should have been sustained.

However, we conclude, as did the Michigan Court of Appeals and the Massachusetts Supreme Court, that defendant did have sufficient possession of the contraband to be convicted for the offense of Possession of Hashish; and upon trial for the illegal possession of marihuana, a conviction would result. In Commonwealth v. Harvard, supra, the defendant stood between two automobiles when the officer handed him the money to pay for the marihuana; the marihuana was handed to the defendant, who handed it to the officer. The Massachusetts Supreme Court stated:

"At the moment the defendant received the drug he had the control and power to do with it what he willed. In this case he chose to hand it immediately to Martin rather than hold it longer, keep it

himself, or otherwise deal with it. Possession ought not to depend on the duration of time elapsing after one has an object under his control. A standard based on duration would be exceedingly difficult to apply. Authorities in other jurisdictions support this conclusion. See Peachie v. State, 203 Md. 239, 100 A.2d 1; State v. Brown, 235 Md. 401, 201 A.2d 852; Sutton v. State, 170 Texas Cr.R. 617, 343 S.W.2d 452; annotation, 91 A.L.R.2d 810, 812." at p. 349 of 253 N.E.2d.

On the question of possession, the Michigan Court stated in People v. Turner, supra:

"This Court is of the opinion that the Massachusetts Court was correct in its view that even where a valid procuring agent defense is made out to a charge of 'sale,' a conviction for 'possession' during the time when the procuring agent acted as a conduit for the illegal drug transfer is valid. Defendant has total control of the heroin prior to his transfer of it to Partridge. This control was sufficient to warrant a conviction for possession of heroin." at p. 804 of 196 N.W.2d.

In the instant case defendant went into the house with his co-defendant Mayes; defendant returned to the officer's car and handed the officer the packet of hashish. From the time he received the packet until the time he went back outside the house to the car, defendant could have done anything he desired with the packet of hashish, but he delivered it to the officer. This constitutes sufficient possession to sustain a conviction.

We are therefore of the opinion that should this case be remanded to the trial court for a new trial, the evidence would be sufficient to sustain a conviction for possession of marihuana; therefore, the judgment and sentence should be modified from the illegal "sale" of marihuana, after former conviction of a felony, to the illegal "possession" of marihuana, after former conviction of a felony.

Therefore, after considering the facts herein, we are of the opinion that defendant's conviction in District Court of Oklahoma County Case No. CRF–69–2360, should be MODIFIED from a conviction for the illegal SALE of marihuana, after former conviction of a felony, to a conviction for the illegal POSSESSION of marihuana, after former conviction of a felony; and as MODIFIED the judgment and sentence should be affirmed.

It is so ordered.

BLISS, P. J., and BUSSEY, J., concur.