**George Randell WELLING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17832.**

Court of Criminal Appeals of Oklahoma.

April 18, 1973.

Wayne Hagle, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, George Randell Welling, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–71–2395, for the offense of Unlawful Delivery of a Controlled Drug. He was sentenced to two (2) years in the state penitentiary and from that sentence, a timely appeal has been made to this Court.

On December 7, 1971, at approximately 11:00 p. m., Bob McCall, who was on the narcotics squad of the Tulsa Police Department, went with an informer to the Git-N-Go Store in Tulsa, Oklahoma, in an

attempt to make a drug purchase. When they arrived, they approached four persons in a car and began to talk with them. Defendant came up to the car and was introduced to McCall and the informer. The officer then asked defendant if he could get them some drugs and defendant said that he could but that he would have to meet them in about thirty minutes because he did not have any then.

McCall and the informer went to the residence that they were told to go to where they were met by the defendant. Defendant got into the car and directed them to a residence on South Troost where defendant attempted to make a purchase. The dealer was not home so they drove around for a short period of time in an attempt to find someone who had some drugs. No drugs were found, so defendant directed McCall to return to the residence on South Troost. Defendant went into the apartment, returned, and said the dealer had some "THC". McCall asked him how much it would cost a "hit" and defendant said $2.00. The officer gave him $16.00, whereupon defendant purchased eight (8) foil packets which were later determined to contain Phencyclidine.

Defendant took the stand and testified that he did not meet or talk to McCall at the Git-N-Go but had gotten into a car the officer was driving later that evening. He testified that at this time he was requested to purchase some drugs so the officer could use them with some girls later that evening. He also testified that several times he told the officer that he was tired of looking and wanted to go home but that the officer asked him to continue looking. Defendant did not deny making the drug purchase.

Defendant's only proposition is that he was entrapped. In In re Patton, Okl.Cr., 382 P.2d 28, this Court stated:

" 'One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing

may avail himself of the defense of "entrapment." Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent.' "

See also Riddle v. State, Okl.Cr., 374 P.2d 634, and Bradley v. State, Okl.Cr., 485 P. 2d 767.

In the case at bar, the officer did request the defendant to purchase the drugs and did aid defendant by driving him to a location where drugs could be purchased, but defendant had the intent to commit the offense and the officer only furnished the opportunity for the commission thereof. Under these facts, entrapment clearly is not present.

The judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting).

I respectfully dissent to this decision.

The facts of this case are very similar to the facts in Posey v. State, Okl.Cr., 507 P. 2d 576. In *Posey*, this Court modified the judgment from a conviction for the illegal sale of marijuana, after former conviction of a felony, to that of illegal possession of marijuana, after former conviction of a felony, and affirmed the sentence imposed.

In Posey v. State, supra, the following is found:

"We are therefore of the opinion, and so hold, that the evidence in the instant case presented a valid procuring agent defense to a charge of sale of hashish [marihuana]."

In the Posey case the defendant was taken from place to place for the purpose of BUYING the illegal substance for the police officer. In the instant case, Officer McCall "asked defendant if he could get them some drugs, and defendant said that he could but that he would have to meet

them in about thirty minutes because he did not have any then."

The majority opinion states further:

"McCall and the informer went to the residence that they were told to go to where they were met by the defendant. Defendant got into the car and directed them to a residence on south Troost where defendant attempted to make a purchase. The dealer was not home so they drove around for a short period of time in an attempt to find someone who had some drugs. No drugs were found, so defendant directed McCall to return to the residence on South Troost. *Defendant went into the apartment, returned, and said the dealer had some 'THC'. McCall asked him how much it would cost a 'hit' and defendant said $2.-00. The officer gave him $16.00, whereupon defendant purchased eight (8) foil packets* which were later determined to contain Phencyclidine." (Emphasis added).

The summary of the critical facts in Posey v. State, supra, recite:

"In the instant case defendant went into the house with his co-defendant Mayes; defendant returned to the officer's car and handed the officer the packet of hashish. From the time he received the packet until the time he went back outside the house to the car, defendant could have done anything he desired with the packet of hashish, but he delivered it to the officer. This constitutes sufficient possession to sustain a conviction."

As I view the facts in the instant case, Welling offered a valid procuring agent defense, as supported by the State's testimony. Therefore, I believe the judgment and sentence in the instant case should be modified to the illegal possession of the illegal substance, and the sentence should be modified to one (1) year imprisonment.