**Donald Elmer COLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. A–18139.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1973.

Rehearing Denied Sept. 26, 1973.

Mac Oyler, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Donald Elmer Cole, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–735, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, Amphetamines, After Former Conviction of a Felony, acting conjointly with one Raymond Harold Williams. His punishment was fixed at ten (10) years in the state penitentiary and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Robert Rowell, Oklahoma City Police Officer, testified that on January 9, 1972, he was assigned to the Detective Division, working undercover investigating narcotics. At approximately 12:30 a.m. he went to the Kit-Kat Club. He ordered a glass of beer and called the defendant, who was the bartender, over to a booth. He advised the defendant he was interested in buying one thousand "mini-bennies" and asked the defendant if he had any and the defendant replied "If the price is right." Officer Rowell then asked defendant what the price for a thousand was and the defendant replied "You mean Ray's price, don't you?" and Officer Rowell replied "Your price or Ray's price or whoever they belong to." The defendant then stated "I think Ray is getting a hundred and twenty-five dollars a thousand." Officer Rowell then stated he

would pay one hundred and ten dollrs and the defendant replied "I will talk to Ray about it. I don't think he will sell them for less than a hundred and twenty-five." Defendant Cole then left the booth and walked into a backroom, where he stayed for a few minutes and then reappeared carrying two cases of beer. The defendant then walked behind the bar and called Ray Williams over where they knelt behind the bar and Ray Williams came to the booth indicating for Officer Rowell to follow him into the men's washroom. In the men's washroom Officer Rowell received one thousand "mini-bennies," after paying Ray Williams the sum of one hundred and ten dollars. Officer Rowell thereafter turned over the one thousand "mini-bennies" to Detectives Scott and McBride as well as one Loy Barber.

David McBride, a narcotics detective for the Oklahoma City Police Department, testified that on January 9, 1972, at approximately 12:30 a.m. he was in the vicinity of the Kit-Kat Club to conduct a surveillance of Undercover Officer Rowell, who had gone there to attempt to purchase drugs. He testified that at approximately 12:45 a.m. he observed the defendant exit from the club and apparently retrieve a small object from beneath the front seat of his car. At approximately 1:10 a.m. Officer Rowell came from the club and gave him a plastic baggie which contained approximately one thousand small, white, double-scored tablets.

Loy H. Barber, an agent of the Federal Bureau of Narcotics and Dangerous Drugs, testified that on January 9, 1972, at approximately 12:30 a.m. he was at the Kit-Kat Club in Oklahoma City, Oklahoma, for surveillance for a purchase of evidence, or hopeful purchase of evidence. He testified that he saw the defendant talk with Officer Rowell, exit from the club, re-enter and motion for Ray Williams behind the bar, where the two knelt down. Agent Barber then testified that he observed Raymond Williams emerge from behind the bar and approach Officer Rowell, and that the two then went to the men's room.

Donald Flynt, a state chemist, identified the substance purchased by Officer Rowell as amphetamines.

The defendant then stipulated concerning State's Exhibit 1 as being the same bag and tablets purchased by Officer Rowell, as well as stipulating to the chain of custody. State's Exhibit 1 was then admitted into evidence.

The defendant did not take the stand or offer any evidence in his behalf.

The defendant's sole proposition of error asserts that the trial court erred in overruling defendant's demurrer to the evidence and motion for directed verdict of not guilty as the defendant who acted without interest or benefit in an alleged sale of drugs cannot be convicted as a seller of drugs, even though his conduct may have facilitated the sale where the evidence shows neither conspiracy nor a prearranged plan between defendant and seller.

The defendant primarily bases his argument on the case of Jones v. State, Okl. Cr., 481 P.2d 169 (1971) and Lynn v. State, Okl.Cr., 505 P.2d 1337 (1973) and Posey v. State, Okl.Cr., 507 P.2d 576 (1973) and similar cases which hold:

"Although by statute in Oklahoma, one who 'aids and abets' is a principal in a crime, a conviction cannot be obtained if there is 'no proof of a conspiracy or prearranged plan' between the alleged abettor and the one who actually commits the crime. Anderson v. State, 66 Okl.Cr. 291, 91 P.2d 794 (1939). Absent proof of conspiracy, a conviction cannot be sustained . . . "

This Court does not take issue with this rule of law, but we believe the cases cited by the defendant are distinguishable from the case at bar. In the cases cited by the defendant, this Court found that the evi-

dence revealed no proof of "any community of scheme," cooperation, or association, between the defendant and the seller, nor that defendant had any personal financial interest in the transaction. In the instant case the evidence reveals that the defendant had knowledge of the drug trade and he quoted to Officer Rowell the seller's prices and quantities; that Officer Rowell negotiated a one hundred and ten dollar price per thousand "mini-bennies" to the defendant which was the price that was finally paid for the "mini-bennies;" that the defendant left the premises after his discussion with the officer and procured a small object from beneath the seat of his car and then returned to the club and motioned the seller over behind the bar where they knelt and had a discussion out of view of the patrons; that thereafter the seller and Officer Rowell completed the sale in the men's room; that the "mini-bennies" were contained in a small plastic baggie, the size of a baseball. Based on the above evidence, we believe there was sufficient proof of a conspiracy or prearranged plan between the defendant and Raymond Williams, the seller. We therefore find the defendant's alleged error to be without merit.

For the reasons set forth above, we are of the opinion that the defendant had a fair trial and that it was free of any error which would justify modification or reversal. Judgment and sentence is affirmed.

BRETT, Judge (specially concurring):

I concur in this decision for the reason the State did prove sufficient facts to show that there must have been some scheme or plan, cooperation and concert of action between the two men, in the manner of distributing the contraband otherwise, this defendant would have disclaimed any knowledge of the contraband offered for sale. Instead, defendant quoted prices and arranged the distribution between Ray Williams and Officer Rowell. Absent any proof to the contrary, the jury was left to conclude that there was a sharing of profits between the two men.

BLISS, P. J., concurs.

BRETT, J., specially concurring.